No. 13,590.

McFerson, Bank Commissioner *v.* Anderson.

(40 P. [2d] 614)

Decided January 7, 1935.   Rehearing denied January 28, 1935.

Mr. Charles M. Rose, for plaintiff in error.

Mr. T. E. Munson, for defendant in error.

*In Department.*

Mr. Justice Bouck delivered the opinion of the court.

The state bank commissioner, plaintiff in error here, sued to recover from the defendant in error Anderson on the latter's alleged statutory liability as a shareholder in the Farmers State Bank of Haxtun. The case was

tried without a jury. Findings and judgment were in favor of Anderson. The commissioner seeks reversal.

The bank went into the hands of the commissioner on July 8, 1932.

On October 8, 1931, exactly nine months before, Anderson, then a shareholder of the bank, though living in California for several years prior to said date, made a contract with one Erlandson, also a resident of California. Erlandson is named as codefendant, but he did not enter his appearance in the case and was not served with process. By that contract Anderson purported to sell to Erlandson the 30½ shares of stock which he held in the bank. The price named was $2,750, $10 thereof payable forthwith and $240 payable on the formal transfer of the stock, which followed shortly thereafter; while $2,500 was to be, and on November 2, 1931, was, evidenced by a promissory note of Erlandson payable to Anderson one year after date with interest at 4 per cent per annum. Pursuant to the terms of the contract, the stock issued to Erlandson was turned over to Anderson ostensibly as collateral security for payment of the note. The note provided that it should be repaid only with the proceeds of a sale of the stock, and stipulated as follows: "If stock is lost or becomes valueless, this note is to be valueless in proportion and cancelled."

The commissioner urges that, under the above facts and under the evidence taken, the transfer of Anderson's stock was fraudulent, fictitious, and merely colorable, and that Anderson to all intents and purposes is still the owner.

The statute invoked by the commissioner is as follows: "The shareholders of every banking corporation shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of said corporation, to the extent of double the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. The term shareholder shall apply not only to such persons as ap-

pear on the books of the bank as shareholders, but also to every owner of stock, legal or equitable, although the same may stand on such books in the name of another person, but not to a person who holds the stock as collateral security for the payment of a debt. Any shareholder of any banking corporation who shall have transferred his share or shares, or caused such transfer to appear on the books of the bank within sixty days next before the insolvency of such bank as in this Act defined, or who shall have made such transfer with knowledge of such impending insolvency, shall be liable to the same extent as if he had made no such transfer, to the extent that the transferee or subsequent transferee fails to meet such liability * * *.'' S. L. 1923, page 185.

It will be noted that the statute provides for double liability to be borne by four classes of persons. These are, first, any shareholder of record on the books of the bank; second, anyone who, though not appearing on the books as a shareholder, is an ''owner of stock, legal or equitable,'' but not ''a person who holds the stock as collateral security for the payment of a debt''; third, anyone who has transferred his stock within sixty days before the bank's insolvency; and, fourth, anyone who has transferred his stock with knowledge of the bank's impending insolvency.

In so far as it relates to the facts and circumstances surrounding the actual transaction between Anderson and Erlandson, the evidence herein virtually consists of documents, depositions and their equivalents. Neither Anderson nor Erlandson appeared on the witness stand in the trial court. Their testimony was transmitted to that court in the documentary form in which it comes to us.

On the basis of all the evidence before it, the trial court correctly held that Anderson was not in the first of the above mentioned classes—in other words, was not a record shareholder at the time in question—and that he was not in the third class, comprising those transferring stock

within 60 days preceding the bank's insolvency. Nor did the lower court err in finding that Anderson was not in the fourth class, namely, those transferring stock with knowledge of the impending insolvency of the bank. The evidence does not disclose such knowledge on Anderson's part.

The only remaining question is whether Anderson was in the second of the four classes referred to, that is, whether he, in spite of transferring his stock on the bank records, was still the legal or equitable owner of the stock which he placed in Erlandson's name. Some of the evidence, it is true, indicates that Anderson's purpose in selling his stock may have been largely that of avoiding liability for future bank assessments. However, the evidence as a whole is not so clear as to enable us to say that Anderson is thereby proved still the legal or equitable owner, or to declare that he is not "a person who holds the stock as collateral security for the payment of a debt."

It follows that the findings and judgment of the district court must be affirmed. Our former opinion is withdrawn.

Judgment affirmed.

Mr. Justice Butler, sitting for Mr. Chief Justice Adams, and Mr. Justice Hilliard concur.